IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 8:15-129 |
| v. | |
| WALTER LEE | **PLEA AGREEMENT** |

**General Provisions**

This PLEA AGREEMENT is made this 28th day of January, 2016, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Andrew B. Moorman, Sr.; the Defendant, Walter Lee, and Defendant's Attorney, Frank Eppes, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Fourth Superseding Indictment now pending, which charges "Conspiracy to Possess with the Intent to Distribute and Distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine," a violation of Title 21, United States Code, § 841(a)(1), (b)(1)(A), and 846.

In order to sustain its burden of proof, the Government is required to prove the following:

1

**Count 1**

a.  The conspiracy described in the indictment was existing during the time alleged in the indictment; and

b.  The defendant willfully and intentionally became a member of the conspiracy.

The penalty for this offense is:

**Possible Penalties for 21 U.S.C. §841(a), (b)(1)(A) and 846**- in a case involving 5 kilograms or more of cocaine and 280 grams of crack cocaine and one prior felony drug conviction - a mandatory minimum term of 20 years imprisonment, a maximum of life imprisonment, no probation, no parole, a fine of $20,000,000, supervised release of at least 10 years, plus a special assessment of $100.

2.  The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

      C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by

providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a.   the Defendant will not be permitted to withdraw plea of guilty to the offenses described above;

    b.   all additional charges known to the Government may be filed in the appropriate district;

      c.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

      d.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that refusal to take or failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this

paragraph shall not be applied to restrict any such information:

    a. known to the Government prior to the date of this Agreement;

    b. concerning the existence of prior convictions and sentences;

    c. in a prosecution for perjury or giving a false statement; or

    d. in the event the Defendant breaches any of the terms of the Plea Agreement.

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to EITHER:

    (1) move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). The Defendant understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law

7

or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea; OR (2) withdraw at sentencing one enhancement(s) contained in the Information previously filed pursuant to 21 U.S.C. § 851 seeking an enhanced minimum penalty based on one prior felony drug conviction(s), such that the Defendant should be held accountable for no prior felony drug conviction(s) described in that Information.

9. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant further agrees to submit to a polygraph

examination on the issue of assets if it is deemed necessary by the United States.

10. The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title and the signing of any other documents necessary to effectuate such transfers. The Defendant agrees not to object to any civil forfeiture proceedings brought against these properties pursuant to any provision of law and the Defendant further understands that any such civil proceedings may properly be brought at any time before or after acceptance of Defendant's guilty plea in this matter and agrees to waive any double jeopardy claims he may have as a result of the forfeiture of these properties as provided for by this Agreement.

### Merger and Other Provisions

11. The Defendant stipulates and agrees that he has at least one prior felony drug conviction(s) that has/have become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects him to a mandatory minimum term of imprisonment of 20 years on Count 1. The Defendant further stipulates and agrees that this paragraph and the Information that has been filed

pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

12. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in own behalf, or to remain silent and have no adverse inferences drawn from silence; and that the Defendant, with the advice of counsel, has

weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

13. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

14. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

1/28/16
Date

_____
WALTER LEE, DEFENDANT

_____
FRANK EPPES, ESQUIRE
ATTORNEY FOR DEFENDANT

1/28/16
Date

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

_____
ANDREW B. MOORMAN, SR. (#10013)
ASSISTANT UNITED STATES ATTORNEY