IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No.:  8:15-129 |
| | ) | |
| vs. | ) | |
| | ) | **GOVERNMENT'S   RESPONSE TO** |
| | ) | **ANTONIO CRAWLEY'S** |
| ERIC SCOTT AND ANTONIO CRAWLEY | ) | **REQUESTS TO CHARGE** |

1. Reasonable Doubt

    a. Crawley has requested that the Court use a portion of the instruction that was quoted in *United States v. Porter*, 821 F.2d 968, 973 (4th Cir. 1987).  The court in *Porter* held that the instruction that Crawley has requested "compensated" for the district court's "omission" to properly allocate the Government's burden of proof.  *Id.* Because the Government's proposed instructions properly allocate the burden of proof, the language Crawley cites from *Porter* is superfluous, and should not be charged.

2. Possession with the Intent to Distribute and Distribution

    a. The Government objects to these instructions.  First, the indictment does not charge Mr. Crawley with these offenses.  Second, these offenses are not lesser-included offenses of the drug conspiracy with which Mr. Crawley has been charged in Count 1.  See *United States v. Phillips*, 145 F.3d 1327, *2 (4th Cir. 1998) (unpublished) (holding that Phillips was not entitled to a jury instruction on drug possession because it was not a lesser included offense of a drug conspiracy, and quoting the

1

following language from *United States v. Horn,* 946 F.2d 738, 744 (10th Cir.1991) ("possession, possession with intent to distribute, and distribution are not lesser included offenses of conspiracy to commit these same offenses.").

3. 21 U.S.C. § 846

    a. The Government objects to this instruction. Crawley cites *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001), as authority for the proposition that the offense of participating in a drug conspiracy has four elements. *Stewart* relies on a 10th Circuit case, *United States v. Heckard,* 238 F.3d 1222, 1229 (10th Cir.2001), to reach this conclusion. Put simply, the *Stewart* case is an outlier, and the 4th Circuit Court of Appeals has repeatedly held that a violation of 21 U.S.C. § 846 has only three elements, which are contained in the Government's proposed instructions. E.g., *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (citation omitted) ("To be found guilty of conspiracy to distribute crack cocaine, the government must prove: (1) an agreement to possess crack cocaine with intent to distribute between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy."). See also, *United States v. Calderon*, 554 Fed. Appx. 143, 150–51 (4th Cir. 2014) (unpublished) (citing *Allen*) ("The elements of the conspiracy charged in this case are that the defendant (1) had an agreement to distribute marijuana, cocaine, and cocaine base, (2) knew of the conspiracy, and (3) knowingly and voluntarily participated in that conspiracy.").

    b. The Government further objects to the instruction on "interdependence (stated "independence" in Crawley's request to charge), again, because it is simply not an element of Count 1 the Government is required to prove.

    c. The Government also objects to Crawley's persistent request, at every turn, to remind the jury that if the Government fails to prove <u>any</u> element of any offenses contained in the indictment then they must find the defendants not guilty. The Government acknowledges that this is an accurate statement of the law, and the Government has included this proposition in its proposed instructions. See Govt. instruction, at 4-5.

4. <u>Multiple Conspiracies</u>

    a. In *United States v. Babb*, 369 Fed. Appx. 503, 507 (4th Cir. 2010) (unpublished), the Fourth Circuit Court of Appeals affirmed the district court's refusal to grant the defendant's request for a jury charge on multiple conspiracies. In so doing, the *Babb* court stated

> A district court need not instruct on multiple conspiracies each time a defendant requests it. Rather, "[a] court need only instruct on multiple conspiracies if such an instruction is supported by the facts." *United States v. Mills*, 995 F.2d 480, 485 (4th Cir.1993). Thus, "[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that appellants were involved only in 'separate conspiracies *unrelated* to the overall conspiracy charged in the indictment.'" *United States v. Kennedy*, 32 F.3d 876, 884 (4th Cir.1994) (quoting *United States v. Castaneda-Cantu*, 20 F.3d 1325, 1333 (5th Cir.1994)).Furthermore, even if one overarching conspiracy is not apparent, failure to give a multiple conspiracies instruction is reversible error only when it causes substantial prejudice to the defendant. *United States v.*

>*Tipton,* 90 F.3d 861, 883 (4th Cir.1996). To find such prejudice, "the evidence of multiple conspiracies [must have been] *so* strong in relation to that of a single conspiracy that the jury probably would have acquitted on the conspiracy count had it been given a cautionary multiple-conspiracy instruction." *Id.*

*Id.* The Government believes that the evidence will clearly demonstrate that the defendants participated in one and only one drug conspiracy. Therefore, the Government objects to the Court instructing the jury on the law of multiple conspiracies unless and until defense counsel can sufficiently demonstrate that the evidence requires such an instruction.

        Respectfully submitted,

        BETH DRAKE
        ACTING UNITED STATES ATTORNEY

        By:   s/ Andrew B. Moorman, Sr.
           Andrew B. Moorman, Sr., AUSA
           55 Beattie Place, Suite 700
           Greenville, SC 29601

October 20, 2016.         (864) 282-2100