**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| United States, ) | CR. NO.: 8:15-129 |
| ) | |
| vs. ) | |
| ) | **MOTION WITH INCORPORATED** |
| Antonio R. Crawley, ) | **MEMORANDUM FOR A NEW TRIAL,** |
| ) | **OR IN THE ALTERNATIVE,** |
| Defendant. ) | **A JUDGMENT OF ACQUITTAL** |
| ) | |

## INTRODUCTION

COMES NOW the Defendant, Antonio R. Crawley, by and through his undersigned counsel, William G. Yarborough, and moves this Honorable Court for a new trial, or in the alternative, for a judgment of acquittal pursuant to Rules 33 and 29, respectively, of the Federal Rules of Criminal Procedure.

## MOTION FOR A NEW TRIAL

The Defendant, Antonio R. Crawley, moves for a new trial based on the following grounds:

(1) The district court denied the Defendant's request to instruct the jury that it could find that multiple conspiracies existed. Instead, the jury was erroneously charged to find whether Mr. Crawley was guilty of participating in a single conspiracy with possession with the intent to distribute, and did distribute 5 kilograms or more of cocaine. The improper conspiracy charge unduly prejudiced Mr. Crawley, resulting in an unfair trial and conviction because the multi-count conspiracy charge was alleged to have involved

a multitude of people, locations, and activities that do not pertain to Mr. Crawley as an individual. Further, a single conspiracy jury charge is inappropriate when the evidence demonstrates a lack of overlap in goals, methods, and actors. *United States v. Squillacote*, 221 F.3d 542, 574 (4th Cir. 2000). In this case, Mr. Crawley was charged with a conspiracy pertaining to distribution of cocaine, a wholly different goal from any conspiracy to distribute marijuana and cocaine base. Moreover, these other conspiracies involved different methods to achieve their goals, as well as different actors. An overwhelming majority of the trial witnesses, including co-defendants, testified that they did not know Mr. Crawley or any of his alleged drug activity. The testimony of these witnesses' further underscores the unsuitability of a single conspiracy charge because knowledge of the common goal and participation of other actors is required for a conspiracy to exist. *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001). Moreover, the information about marijuana and cocaine base misled the jury to consider issues irrelevant to Mr. Crawley's culpability. Thus, coupled with the inherent complexity of conspiracy cases involving a large number of people, the extrinsic information involving other defendants, activities, locations, and substances led the jury to an erroneous conclusion of Mr. Crawley's guilt. Hence, because Mr. Crawley was not charged with those conspiracies, it was improper to charge the jury to find whether one conspiracy existed when the Government presented evidence of multiple unrelated conspiracies as if they were a part of a single conspiracy.

(2) The evidence pertaining to unrelated conspiracies and the single conspiracy jury charge improperly enlarged and constructively amended the indictment in violation of the Fifth Amendment. Enlargement or constructive amendment to an indictment occurs when

the government's evidence, its argument or both, or through the district court's instructions to the jury, or both, expands the bases for conviction beyond those charged in the indictment. *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999) (citing *United States v. Redd,* 161 F.3d 793, 795 (4th Cir. 1998)). As a result, the defendant is actually convicted of a crime other than that charged in the indictment. *United States v. Schnabel,* 939 F.2d 197, 203 (4th Cir. 1991). Here, coupled with the single conspiracy jury charge, the presentment of evidence of other alleged conspiracies broadened the conviction to include multiple conspiracies that Mr. Crawley was not charged with. Further, because the conviction was based on evidence unrelated to Mr. Crawley, the Government failed to meet their burden to prove his guilt of the crimes alleged in the indictment beyond a reasonable doubt.

## MOTION FOR JUDGMENT OF ACQUITTAL

The Defendant, Antonio R. Crawley, renews his motion for a judgment of acquittal on the following grounds:

(1) The government failed to produce sufficient evidence to sustain a conviction for conspiracy to possess with the intent to distribute and distribute 5 kilograms or more of cocaine. Although the standard directs the court to view the evidence in the light most favorable to the government, a jury verdict cannot stand if it is not supported by substantial evidence. *United States v. Jaensch*, 665 F.3d 83, 93 (4th Cir. 2011); *United States v. Hickman,* 626 F.3d 756, 762–63 (4th Cir. 2010). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as accept as adequate and sufficient

to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

## **CONCLUSION**

WHEREFORE, based on the foregoing reasons, the Defendant moves for this Honorable Court to grant a new trial, or in the alternative, a judgment of acquittal.

                Respectfully submitted,

                s/ William G. Yarborough, III
                William G. Yarborough, III
                Counsel for Defendant Crawley
                522 N. Church Street
                Greenville, SC  29601
                (864)331-1612
                Fed ID# 05192

November 21, 2016
Anderson, SC